# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-153V
**Filed: October 2, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * *  <br>J.O.C., a minor, by his parents CHRIS and  <br>SARAH COOPER,  <br> <br>                Petitioners,  <br> <br>v.  <br> <br>SECRETARY OF HEALTH  <br>AND HUMAN SERVICES,  <br> <br>                Respondent.  <br>* * * * * * * * * * * * * * *  | *  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>*  <br>* | UNPUBLISHED  <br> <br> <br>Special Master Dorsey  <br> <br> <br> <br>Joint Stipulation on Damages;  <br>Diphtheria-tetanus-acellular pertussis  <br>(DTaP) Vaccine; Pneumococcal  <br>Conjugate (Prevnar); Tic Disorder;  <br>Seizures, and other injuries. |

<u>William E. Cochran, Jr.</u>, Black McLaren Jones Ryland & Griffee, PC, for petitioners.
<u>Voris Edward Johnson</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On March 1, 2013, Chris and Sarah Cooper ("petitioners") filed a petition, on behalf of their minor son, J.O.C., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that J.O.C. suffered the adverse effects from the diphtheria-tetanus-acellular pertussis ("DTaP") and pneumococcal conjugate ("Prevnar") vaccines administered to him on September 22, 2010, and March 9, 2011. See Petition at 1. Specifically, petitioners claimed that J.O.C. developed a "tic disorder, abnormal EEG and other injuries that were 'caused-in-fact' by the above stated vaccinations." Id.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petitioners further alleged that J.O.C. experienced the residual effects of these injuries for more than six months.  Id.

On October 2, 2014, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the DTaP or Prevnar vaccines or any other vaccine caused J.O.C. to suffer a tic disorder, seizures, any other injury, or his current disabilities.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioners shall receive the following compensation:

(1) **A lump sum of $1,970.29, in the form of a check payable to petitioners** for past unreimbursed expenses; and

(2) **A lump sum of $13, 029.71, in the form of a check payable to petitioners as guardians/conservators of J.O.C.'s estate.**

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioners' compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| J.O.C., a minor, by his parents CHRIS and SARAH COOPER,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 13-153V<br>Special Master Nora Beth Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, J.O.C., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.O.C.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine and the pneumococcal conjugate ("Prevnar") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. J.O.C. received the DTaP and Prevnar vaccines on September 8, 2010, and again on March 9, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that J.O.C. suffered a tic disorder, seizures, and other injuries as a result of the vaccinations and that he experienced residual effects of these injuries for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action

for damages on behalf of J.O.C. as a result of his condition.

6. Respondent denies that the DTaP or Prevnar vaccines or any other vaccine caused J.O.C. to suffer a tic disorder, seizures, any other injury, or his current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $1,970.29 in the form of a check payable to petitioners for past unreimbursed expenses; and,

    b. A lump sum of $13,029.71 in the form of a check payable to petitioners as guardians/conservators of J.O.C.'s estate.

The above amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of J.O.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of J.O.C.'s estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of J.O.C.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of J.O.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of J.O.C. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of J.O.C., on behalf of themselves, J.O.C., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and

3

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.O.C. resulting from, or alleged to have resulted from, the DTaP and Prevnar vaccinations administered on September 8, 2010 and March 9, 2011 as alleged by petitioners in a petition for vaccine compensation filed on or about March 1, 2013, in the United States Court of Federal Claims as petition No. 13-153V.

15. If J.O.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that J.O.C. suffered a tic disorder, seizures, or any other injury as the result of the DTaP or Prevnar vaccines or any other vaccine, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and assigns as legal representatives of J.O.C.

END OF STIPULATION

5

Respectfully submitted,

PETITIONERS:

*[signature]*
CHRIS COOPER

*[signature]*
SARAH COOPER

| | |
|---|---|
| ATTORNEY OF RECORD FOR PETITIONERS:<br><br>*[signature]*<br>WILLIAM E. COCHRAN, JR., ESQ.<br>Black McLaren Jones Ryland & Griffee, PC<br>530 Oak Court Drive<br>Suite 360<br>Memphis, TN 38117<br>Tel: (901) 762-0535 | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:<br><br>*[signature]*<br>VINCENT J. MATANOSKI<br>Deputy Director<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:<br><br>*[signature]*<br>A. MELISSA HOUSTON, M.D., M.P.H, FAAP<br>Acting Director, Division of Vaccine Injury Compensation (DVIC)<br>Acting Director, Countermeasures Injury Compensation Program (CICP)<br>Healthcare Systems Bureau<br>U.S. Department of Health and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 11C-26<br>Rockville, MD 20857 | ATTORNEY OF RECORD FOR RESPONDENT:<br><br>*[signature]*<br>VORIS E. JOHNSON, JR.<br>Assistant Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 616-4136 |

Dated: 10/2/14

6